UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY M. JAGOS, and
KATHY A. JAGOS,

       Plaintiffs,                     Civil Action No.
                                               12-cv-13206

vs.

                                               PAUL D. BORMAN
LAW FIRM OF ALLEN C. SMITH, PC,       UNITED STATES DISTRICT JUDGE
and CACH, LLC,

       Defendants.
_____/

**OPINION AND ORDER**
**(1) DENYING AS MOOT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**
**(Dkt. No. 8), and**
**(2) GRANTING DEFENDANTS' AMENDED**
<u>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (Dkt. No. 19)**</u>

This case arises under the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Pro se Plaintiffs, Henry M. Jagos and Kathy A. Jagos, filed the Complaint in this matter on July 20, 2012. (Dkt. No. 1.) The Defendants are the Law Firm of Allan[1] C. Smith, P.C. ("Defendant Law Firm"), and CACH, LLC ("Defendant CACH").

On August 15, 2012, the Court entered a Stipulation to Extend Responsive Pleading Deadline, allowing Defendants until August 20, 2012, to file a responsive pleading. (Dkt. No. 5.) On August 20, 2012, Defendants filed a Motion for Extension of Time to File Responsive Pleadings.

---

[1] Both Plaintiffs and counsel for Defendants use the spelling "Allen" in the pleadings before the Court, but the exhibits attached to Defendants' pleadings reflect that "Allan" is the correct spelling for Defendant Law Firm of Allan C. Smith, P.C.

1

(Dkt. No. 6.) On August 24, 2012, Plaintiffs filed a response to Defendants' motion, and also requested an entry of default as to both Defendants. (Dkt. Nos. 7, 9, 10.) Plaintiffs also filed a Motion for Default Judgment on August 24, 2012. (Dkt. No. 8.) On August 27, 2012, the Court entered an Order Granting Defendants' Motion for Extension of Time to File Responsive Pleadings, requiring Defendants to file a responsive pleading no later than August 27, 2012. (Dkt. No. 16.)

Defendants filed a Motion to Dismiss on August 27, 2012. (Dkt. No. 17.) Defendants then filed an Amended Motion to Dismiss on September 4, 2012. (Dkt. No. 19.) Plaintiffs filed a response on September 13, 2012. (Dkt. No. 21.) Defendants filed a reply on October 18, 2012. (Dkt. No. 24.) On February 4, 2013, Plaintiffs filed two identical documents entitled Judicial Notice. (Dkt. Nos. 28, 29.) Although they contain case law that highlights the liberal pleading standards for pro se litigants, these documents do not otherwise purport to be supplemental to Plaintiffs' response in opposition to Defendants' Amended Motion to Dismiss.

The Court held a hearing on Plaintiffs' Motion for Default Judgment and Defendants' Motion to Dismiss on July 22, 2013.

For the reasons stated below, the Court will:

(1) DENY AS MOOT Plaintiffs' Motion for Default Judgment;

(2) Set aside the clerk's entries of default against Defendants; and

(3) GRANT Defendants' Amended Motion to Dismiss.

## I. BACKGROUND

At this stage, the Court assumes all well-pled factual allegations in the Complaint are true. *Ashland Hosp. Corp. v. Service Employees Intern. Union., Dist. 1199 WV/KY/OH*, 708 F.3d 737, 740 (6th Cir. 2013).

Plaintiffs allege that they received a collection notice from the Defendant Law Firm on January 14, 2012, for a Visa credit card account with Wells Fargo Bank, N.A. Plaintiffs sent the Defendant Law Firm a notice disputing the debt, and demanding validation of the debt, on February 1, 2012. On February 8, 2012, Plaintiffs received a letter from the Defendant Law Firm validating the debt. Plaintiffs responded on February 14, 2012, with a letter asserting that the February 8, 2012 letter did not properly validate the debt.

On February 13, 2012, Plaintiff Kathy A. Jagos reviewed her credit report, which reflected that Defendant Law Firm had obtained her credit report once on January 4, 2012, without her consent. Plaintiff Henry M. Jagos reviewed his credit report on April 6, 2012, and it reflected that Defendant Law Firm had also obtained his credit report on January 4, 2012, without his consent. Furthermore, Defendant CACH obtained Plaintiff Henry M. Jagos's credit report on December 14, 2011, without his consent.

Plaintiffs allege that they "have never had any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants." (Compl. ¶ 29.) Plaintiffs seek "at least" $1,000 in statutory damages under the FCRA for each time Defendants obtained Plaintiffs' credit reports (Compl. ¶ 32), and $1,000 in statutory damages pursuant to the FDCPA, as well as attorney's fees and costs. (Compl. ¶ 41.)

## II. STANDARD OF REVIEW

At the pleading stage, the plaintiff need only show "a plausible, not probable, entitlement to relief." *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 868 (6th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view "all well-pleaded material allegations

3

of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

Because Plaintiffs are pro se litigants, they "enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). This liberal construction "requires active interpretation in some cases[,]" *Franklin v. Rose*, 765 F.3d 82, 85 (6th Cir. 1985), but it "does not require a court to conjure allegations on a litigants behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks omitted). "Pro se plaintiffs are treated to less stringent standards, but they are not automatically entitled to take every case to trial." *Id*. (internal quotation marks omitted).

## III. ANALYSIS

### A. Motion for Default Judgment

As an initial matter, the Court will deny as moot Plaintiffs' motion for default judgment and set aside the clerk's entries of default against Defendants. Although the parties originally stipulated to extend the responsive pleading deadline for Defendants, Plaintiffs refused to stipulate to a second extension, and Defendants thus filed a motion for an extension of the responsive pleading deadline. (Dkt. No. 6.) While Defendants' motion was pending, Plaintiffs requested the clerk's entries of default against Defendants and filed a motion for default judgment. The Court, however, granted Defendants motion for an extension, setting the deadline for Defendants' responsive pleading to August 27, 2012. (Dkt. No. 16.) Defendants filed a responsive pleading on August 27, 2012. (Dkt. No. 17.) Defendants thus filed a responsive pleading by the deadline set forth by the Court and have not "failed to plead or otherwise defend" this action. Fed. R. Civ. P. 55(a). Plaintiffs' Motion for

Default Judgment is therefore denied as moot, and the clerk's entries of default against Defendants are set aside.

## B. Defendants' Amended Motion to Dismiss

*1. FCRA Claim*

Plaintiffs allege that Defendants violated the FCRA because Defendants obtained Plaintiffs' credit report with no permissible purpose. Defendants argue that they were permitted to obtain Plaintiffs' credit reports pursuant to 15 U.S.C. § 1681b(a)(3)(A), which authorizes the release of a credit report to a person who "intends to use the information . . . [for] review or collection of an account of, the consumer . . . ." *See Etefia v. Russell Collection Agency, Inc.*, 20 F.App'x 485, 485 (6th Cir. 2001) (holding that "Russell was authorized by § 1681b(a)(3)(A) to request a credit report since its reason for requesting the report was to review the collection of an account of a consumer."). Defendants claim that Defendant CACH obtained Plaintiffs' defaulted credit card debt from Wells Fargo Bank, N.A., in December 2011.

Defendants have attached to their Amended Motion to Dismiss, and to their reply, a Short Form Purchase Agreement between Wells Fargo Bank, N.A., and Defendant CACH, showing that Plaintiffs' delinquent credit card account was purchased by Defendant CACH. (Defs.' Am. Mot. to Dismiss, Ex. B, Short Form Purchase Agreement; Reply in Supp. of Defs.' Am. Mot. to Dismiss, Schedule A to Short Form Purchase Agreement.) The Court's consideration of these exhibits does not convert Defendants' Amended Motion to Dismiss into a motion for summary judgment, because the Complaint refers to Plaintiffs' credit card account at Paragraph 11, and Defendants' ability to collect the balance due on the account is central to Plaintiffs' claims. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (noting that a court may consider, under a motion

brought pursuant to Rule 12(b)(6), "items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.").

In their pro se response, Plaintiffs argue that dismissal is improper because Defendants have failed to prove that they own the delinquent credit card account. Plaintiffs do not dispute the accuracy of the exhibits attached to Defendants' motion and reply, but assert that the exhibits are not validated by an individual with first-hand knowledge of their contents, and are thus hearsay.

The Federal Rules of Evidence are inapplicable in this matter because, as noted *supra*, the delinquent credit card account was incorporated into the Complaint via Paragraph 11, and the exhibits are "part of the pleading[s] for all purposes." Fed. R. Civ. P. 10(c). Furthermore, even if the Federal Rules of Evidence applied, the Short Form Purchase Agreement would likely be admissible hearsay as a record of regularly conducted activity pursuant to Rule 803(6). Accordingly, Plaintiffs' argument that Defendants have failed to prove that they own the Plaintiffs' delinquent credit card account is not well founded.

Plaintiffs also argue that Defendants were not permitted to request the Plaintiffs' credit reports for the purpose of collection on Plaintiffs' credit card account, because a credit card account is not included in the definition of the term "account" under the FCRA.

Section 1681a(r) of the FCRA defines "[c]redit and debit related terms[.]" 15 U.S.C. § 1681a(r). This section provides that "[t]he terms 'account' and 'electronic fund transfer' have the same meanings as in section 1693a of this title." 15 U.S.C. § 1681a(r)(4). Section 1693a provides as follows: "the term 'account' means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section

1602(i) of this title) . . . ." 15 U.S.C. § 1693a(2). Plaintiffs thus argue that § 1681b(a)(3)(A) of the FCRA, which authorizes an individual to request a consumer's credit report for "review or collection of an account[,]" could not have authorized Defendants to request Plaintiffs' credit reports for collection on Plaintiffs' credit card account.

Plaintiffs' argument fails because a consumer engages in a "credit transaction" by applying for and using a credit card. Section 1681b(a)(3)(A) allows a person to request a consumer credit report "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer . . . ." 15 U.S.C. § 1681b(a)(3)(A). Plaintiffs entered into a credit transaction by applying for a Visa credit card from Wells Fargo Bank, N.A. Defendants were thus permitted under § 1681b(a)(3)(A) to request Plaintiffs' credit reports for "review or collection of an account" in connection with this credit transaction. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3rd Cir. 2011) (holding that "Huertas sought credit from ACB, which he received, and accumulated credit card debt. It was that consumer transaction which ultimately resulted in AMP's accessing of Huerta's credit report to collect on his delinquent accounts. Section 1681b(a)(3)(A) authorizes the use of consumer information under such circumstances."); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 188 (D.N.J. 2012) (holding that "[t]he issuance of this MasterCard credit card account to Plaintiff by Capital One was the consumer transaction which ultimately resulted in Capital One allegedly initiating a 'soft pull' of Plaintiff's consumer report, and pursuant to Section 1681b(a)(3)(A), Capital One could rightfully obtain a copy of Plaintiff's consumer report from a CRA in order to review, or collect upon, Plaintiff's MasterCard credit card account.").

Plaintiffs argue that Defendants have failed to prove that Plaintiffs applied for the Visa credit card account at issue. However, when questioned by the Court at the July 22, 2013 hearing, Plaintiff Henry Jagos did not state that he believed the Visa account at issue was fraudulent, but responded that he "[could] not recall" if he ever had the Visa card associated with the account.[2] Plaintiffs have not included any allegations that the account is fraudulent, nor have they alleged in the Complaint that they did not apply for the Visa card account. Plaintiffs simply assert that, although Plaintiffs are named on the account, and the address on the account is for Plaintiffs' residence in Howell, Michigan, Defendants have failed to prove that Plaintiffs applied for the credit card.

In the absence of any factual allegations indicating fraud, the Court finds that the only reasonable and plausible explanation for the Visa account at issue is that Plaintiffs applied for the account. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because Defendants were therefore permitted to request Plaintiffs' credit reports pursuant to § 1681b(a)(3)(A), Plaintiffs' claims under the FCRA will be dismissed.

2. *FDCPA Claim*

Plaintiffs allege that Defendants violated the FDCPA by (1) falsely representing the character, amount, or legal status of Plaintiffs' credit card debt; (2) claiming that Defendants had authority to collect on Plaintiffs' credit card debt; (3) using a false representation or deceptive means

---

[2] At the July 22, 2013 hearing, more than ten months after Plaintiffs filed their response to Defendants motion to dismiss, Plaintiffs presented to the Court two documents titled "PLAINTIFF'S SWORN DENIAL ON ACCOUNT." The Court will not consider these unfiled, tardy documents, which were produced for the first time after the hearing on this matter began.

8

to collect on Plaintiffs' credit card debt; and (4) attempting to collect an amount that was not expressly authorized by the agreement creating the debt. (Compl. ¶¶ 35-38.) Plaintiffs also seem to allege that Defendants violated the FDCPA by failing to properly validate the debt.

Defendants argue that Plaintiffs have not alleged any facts that support a claim under the FDCPA. Defendants also argue that they did send Plaintiffs a proper validation of the debt.

In response, Plaintiffs claim that Defendants misrepresented the amount owed on the debt because "the Defendants most likely purchased the alleged debt for no more than 7.5% of face value." (Pls.' Resp. to Defs.' Am. Mot. to Dismiss at 5.) Plaintiffs have not provided any support for their contention that the amount a debtor owes should be reduced by the amount a third party pays to purchase a debt. This argument is meritless.

Plaintiffs also argue that Defendants violated § 1692g(b) of the FDCPA by attempting to collect on the debt before providing validation of the debt. However, Plaintiffs have not pled any facts showing what continued collection attempts were made that violated § 1692g(b). Plaintiffs only allege that they requested validation of the debt on February 1, 2012, and received Defendants' validation letter one week later, on February 8, 2012. (Compl. ¶¶ 12, 13.) Plaintiffs assert that the February 8, 2012 validation was inadequate, but § 1692g(b) only requires the debt collector to mail to the debtor a verification identifying the original creditor before continuing collection efforts. Defendants' Exhibit B reflects that Defendants verified the debt and identified the original creditor by providing Plaintiffs with the Short Form Purchase Agreement. Accordingly, Defendants' validation of the debt was sufficient under § 1692g(b).

Plaintiffs have therefore failed to state a viable cause of action under the FDCPA.

*3. Request to Amend*

Plaintiff Henry Jagos stated at the hearing on this matter that, if the Court finds any fault in the Complaint, Plaintiffs should be given leave to amend. However, Plaintiffs have not pointed to any new facts that they can allege which would state a plausible claim for relief against Defendants. An amended complaint based on these same facts would not survive a motion to dismiss brought by Defendants, and Plaintiffs' request to amend is therefore denied as futile. *Brown v. Owens Corning Inv. Review Committee*, 622 F.3d 564, 574 (6th Cir. 2010).

### IV. CONCLUSION

For the reasons stated above, the Court will:

1) **DENY AS MOOT** Plaintiffs' Motion for Default Judgment;

(2) Set aside the clerk's entries of default against Defendants; and

(3) **GRANT** Defendants' Amended Motion to Dismiss.

**SO ORDERED**.

                                                s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 29, 2013.

                                                s/Deborah Tofil
Case Manager